UNITED STATES *v.* CONWAY and another, impleaded, etc.

*(Circuit Court, S. D. New York.* January 24, 1881.)

1. MARSHAL — OBSTRUCTION IN PERFORMANCE OF DUTY — ARREST BY MEMBERS OF MUNICIPAL POLICE—REV. ST. § 5522.

   S. having attempted to vote in the presence of a deputy marshal, under circumstances sufficient to justify the belief that he was not entitled to vote, was arrested by the latter. The escape of the prisoner having been subsequently effected through the intervention of a crowd which surrounded the marshal, and the latter having been forcibly deprived of his cane, drew a pistol, when he was at once arrested by certain members of the municipal police. *Held,* that such arrest was an obstruction of the marshal in the peformance of his duty, within the meaning of section 5522 of the Revised Statutes.— [ED.

Indictment. Motion for New Trial.

BENEDICT, D. J. The defendants were indicted under section 5522 of the Revised Statutes of the United States, for obstructing a marshal of the United States in the performance of his duty. The facts appearing in the case are as follows: One Faser was a deputy marshal, duly appointed and assigned to duty at a polling place in the seventh election district of the seventeenth assembly district of the city of New York on the last election day. On that day a man named Shafer attempted to vote at such polling place under circumstances sufficient to justify the belief that he was not entitled to vote. The attempt was made in presence of the marshal and of a supervisor of election, who directed that Shafer be arrested. Thereupon Faser arrested Shafer for a violation of the laws of the United States, committed in his presence.

v.6,no.1—4

While the marshal was removing his prisoner he was surrounded by a crowd. A cane which he carried was seized hold of, and the escape of the prisoner was effected. The marshal, when deprived of his cane, drew from his pocket a pistol. The defendants, who were members of the municipal police, at once arrested him and removed him to a police station, where he was detained some four hours. Upon these facts the jury found the defendants guilty. They now apply for a new trial. The principal proposition argued in support of this application is that the court erred in not submitting to the jury the question whether the act of the marshal in drawing a pistol was not a breach of the peace.

To this proposition one sufficient answer is that no request was made of the court to have such a question submitted to the jury. Another answer is that there was no evidence sufficient to justify the jury in finding that the act of the marshal in drawing his pistol was a breach of the peace. Still another answer is that, assuming the drawing of the pistol to have been a breach of the peace, nevertheless the arrest and removal of the marshal from the polling place, under the circumstances, was an offence against the laws of the United States.

The statute under which the defendants were indicted makes it an offence for any person, whether with or without authority, power, or process from any state or municipality, to obstruct or hinder a deputy marshal in the performance of any duty required of him by law. In this instance an offence against the laws of the United States, created by section 5511 of the Revised Statutes, had apparently been committed by Shafer in the presence of Faser, the marshal. It thereupon became the duty of the marshal, by virtue of section 2022, to arrest and take into custody the offender. Accordingly the marshal did arrest the offender, and, while engaged in maintaining custody of his prisoner, he was arrested by the defendants and removed from the polling place. By the acts of the defendants, in arresting and removing the marshal, it was rendered impossible for him to maintain custody of his prisoner, or to regain that custody if the prisoner had

already escaped from his control. The act of the defendants was necessarily an obstruction and hindrance of the marshal in the performance of the duty in which he was then engaged, namely, the duty to arrest and take into custody the person who, in his presence, had attempted to vote under circumstances justifying the belief that he was not entitled to vote. The question whether the drawing of a pistol by the marshal was necessary to enable the marshal to protect his custody of the prisoner had no materiality. The material question was whether the marshal, while engaged as he was in maintaining his custody of Shafer, had been obstructed and hindered by the defendants in the discharge of that duty. So, also, the question whether Shafer had, in fact, the right to vote was immaterial, when it was shown that the circumstances under which Shafer attempted to vote were sufficient to justify the belief that he had no such right: the duty of the marshal to arrest him was made to appear.

It has been further contended that the arrest of the marshal, under the circumstances, was no offence, because the laws of the state required the defendants, being policemen, to arrest any person believed to be committing a breach of the peace, and equally made it their duty to remove the prisoner to a police station. But the law of the United States (section 5522) made it the duty of the defendants, under the circumstances, not to obstruct or hinder the marshal in an effort to maintain the custody of a prisoner duly arrested by him. This duty, created by this law of the United States, was not affected by any provision of the laws of the state. The statute of the United States says: "Whether with or without any authority, power, or process from any state or municipality;" and indicates, as clearly as language can, the intention of the legislative power to be that no authority derived from a law of the state should furnish excuse or justification for an obstruction of a marshal in the performance of a duty required of him by law. Upon the occasion in question this statute of the United States was the paramount law, binding upon policemen and all other persons. To this law the defendants owed obedience. any

authority, power, or process from any state or municipality to the contrary notwithstanding. Having been proved to have disobeyed this law, they were properly convicted.

The rulings and charge of the judge at the trial were in harmony with the views here expressed.

The views derive support from expressions used by the supreme court of the United States in *Ex parte Siebold*, 100 U. S. 371, where the court, in speaking of the same statute, and in regard to a line of argument similar to that which has been addressed to us on this occasion, say: "The objection so often repeated, that such an application of congressional regulations to those previously made by a state would produce a clashing of jurisdiction and a conflict of rules, loses sight of the fact that the regulations made by congress are paramount to those made by the state legislature; and if they conflict therewith, the latter, so far as the conflict extends, cease to be operative." And again: "The regulations of congress being constitutionally paramount, the duties imposed thereby upon the officers of the United States, so far as they have respect to the same matters, must necessarily be paramount to those to be performed by the officers of the state. If both cannot be performed, the latter are, *pro tanto*, superseded, and cease to be duties."

We add that an adoption of the arguments made in behalf of the defendants in this case would in effect make the execution of the laws of the United States, in regard to elections, to depend upon the will of the state, would render the marshals of the United States subject to the control of the municipal police in respect to the manner in which they should discharge their duties as to elections, and, in our opinion, would go far to nullify the law.

The motion for a new trial is denied.